UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| D.L., a minor, by and through her mother, ALISA GERRAN, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:06CV1279 DJS ) (FRB) |
| JO ANNE B. BARNHART,[1] Commissioner of Social Security, | ) ) ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This cause is before the Court on plaintiff's appeal of an adverse ruling of the Social Security Administration (SSA), and specifically, the Commissioner's determination to deny plaintiff's request for waiver of an overpayment of Supplemental Security Income (SSI). All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for appropriate disposition.

**I. Procedural History**

Plaintiff Alisa Gerran was receiving SSI benefits on behalf of her minor daughter, D.L., on a previous finding by the SSA that D.L. was disabled with such disability determined to have

---

[1]Michael J. Astrue became Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, for Former Commissioner Jo Anne B. Barnhart as defendant in this cause.

begun on April 1, 1999. (Cess. F. 20, 23.)[2] On March 18, 2003, the SSA determined that D.L.'s medical condition had improved and plaintiff was informed that D.L.'s SSI benefits would therefore cease. (Cess. F. 23, 24-27.) Upon receiving this notice, plaintiff invoked the administrative appellate process and elected to have payment of SSI benefits continue pending the appeal's outcome. (Cess. F. 14-15, 16-19.) During the course of this appellate process, plaintiff requested a hearing before an Administrative Law Judge (ALJ) and a hearing was scheduled to take place on May 3, 2004. (Cess. F. 10-13, 16-19.) Upon being informed that plaintiff was not able to attend the scheduled hearing (Cess. F. 4), the SSA continued the hearing to May 12, 2004, and provided notice to plaintiff of this new date (Cess. F. 5-8). Neither plaintiff nor D.L. appeared at this rescheduled hearing. (Cess. F. 4.) On a date subsequent to May 12, 2004, plaintiff informed the SSA that transportation problems prevented her from attending the hearing. (Cess. F. 4; Tr. 103.)

On May 20, 2004, an ALJ entered an Order of Dismissal dismissing plaintiff's Request for Hearing on her appeal of D.L.'s cessation of benefits on account of plaintiff's failure to appear

---

[2]In accordance with this Court's Order of April 25, 2007, the defendant submitted a copy of the administrative record relating to the SSA's determination that D.L.'s disability had ceased. (See Cessation File of D.L./Docket No. 15.) When referring to the materials in this record, the Court will use "Cess. F." as its citation. All other citations to the record are made to the administrative transcript ("Tr.") relating to plaintiff's request for waiver, which was submitted with the Commissioner's Answer to plaintiff's instant Complaint.

at the rescheduled administrative hearing. The ALJ thus found that the prior SSA determination that D.L. was no longer disabled remained in effect. (Cess. F. 4; Tr. 86.) Thereafter, the SSA sought to recover from plaintiff those benefits it continued to pay subsequent to its determination that D.L.'s disability had ceased, contending that the payment of such benefits constituted an overpayment. (Tr. 70-76.) Plaintiff requested that the overpayment be waived (Tr. 62-69) and such request was denied on initial consideration and on reconsideration (Tr. 46-59).

Upon plaintiff's request, a hearing was held before an ALJ on January 31, 2006, on the matter of overpayment at which plaintiff testified and was represented by counsel. (Tr. 90-105.) On March 9, 2006, the ALJ issued a decision in which he determined plaintiff not to be without fault in the SSI overpayment and thus that plaintiff was required to return the overpayment due to the SSA. (Tr. 6-11.) On June 21, 2006, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Tr. 2-4.) The ALJ's determination thus stands as the final decision of the Commissioner. 42 U.S.C. § 405(g). From this final decision, the plaintiff pursues the instant appeal.

## II.  Hearing Before the ALJ

At the hearing on January 31, 2006, plaintiff testified in response to questions posed by the ALJ and counsel. Plaintiff testified that when she first learned that the SSA considered D.L. no longer disabled, she was in disbelief inasmuch as D.L. was

continuing to have seizures from her medical condition and that such seizures were worsening. Plaintiff testified that she therefore determined to appeal the SSA's decision to cease benefits. Plaintiff testified that she requested that payment of benefits continue during the appeal process. (Tr. 97.)

Plaintiff testified that during the administrative appeal process but prior to an administrative hearing, D.L. experienced exacerbations of her condition. Plaintiff testified that D.L.'s physicians informed her during that time that D.L.'s condition was worsening. (Tr. 99.)

Plaintiff testified that she missed the scheduled hearing on the administrative appeal because of transportation problems and because she had no money to obtain transportation. (Tr. 100.) Plaintiff testified that she telephoned the SSA the day after she missed the scheduled hearing and transportation problems were mentioned. (Tr. 103.) Plaintiff testified that she does not own a vehicle, but that she borrowed a vehicle from a friend and drove herself to the current hearing. (Tr. 102, 104.)

### III. The ALJ's Decision

The ALJ found that plaintiff had been overpaid SSI benefits and that she was at fault in causing the overpayment. The ALJ therefore determined that the overpayment in benefits could not be waived. (Tr. 10.)

### IV. Discussion

In this appeal of the Commissioner's final decision,

plaintiff argues that the ALJ erred in determining plaintiff to be at fault in causing the overpayment.  Plaintiff contends that the ALJ's reason in finding plaintiff at fault, and specifically, that she failed to attend a scheduled administrative hearing, does not fall within the Regulations' parameters as to what constitutes "fault" sufficient to deny waiver of overpayment.[3]

The decision of the Commissioner must be affirmed if it is supported by substantial evidence on the record as a whole.  42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Estes v. Barnhart, 275 F.3d 722, 724 (8th Cir. 2002).  Substantial evidence is less than a preponderance but enough that a reasonable person would find it adequate to support the conclusion.  Johnson v. Apfel, 240 F.3d 1145, 1147 (8th Cir. 2001).  If substantial evidence supports the Commissioner's decision, this Court may not reverse the decision merely because substantial evidence exists in the record that would have supported a contrary outcome or because another court could have decided the case differently.  Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001).  An ALJ's finding that a social security recipient was at fault in receiving and accepting overpayments will not be reversed if it is supported by substantial evidence on the record as a whole.  Chapman v. Bowen, 810 F.2d 151,

---

[3]To the extent plaintiff requests this Court to review the SSA's determination that D.L.'s disability had ceased, such matter was not before the ALJ in the instant cause and is not before the Court on plaintiff's appeal of the Commissioner's denial of waiver. Accordingly, the matter of D.L.'s disability status will not be addressed here.

152 (8th Cir. 1986) (per curiam).

In this cause, plaintiff chose to continue receipt of D.L.'s SSI benefits pending the administrative appeal process on the SSA's determination that D.L.'s impairment had ceased. See 20 C.F.R. § 416.996. In such circumstances, "[i]f the final decision of the [Commissioner] affirms the determination that [the claimant is] not entitled to benefits, [the claimant] will be asked to pay back any continued benefits [received]." 20 C.F.R. § 416.996(g)(1). However, "[w]aiver of recovery of an overpayment resulting from continued benefits . . . may be considered *as long as the cessation determination was appealed in good faith.*" 20 C.F.R. § 416.996(g)(2) (emphasis added).

> We will assume that your appeal was made in good faith and, therefore, you have the right to waiver consideration *unless* you fail to cooperate in connection with the appeal, e.g., if you fail (without good reason) to give us medical or other evidence we request, or to go for a physical or mental examination when requested, in connection with the appeal. In determining whether you have good cause for failure to cooperate and, thus, whether an appeal was made in good faith, we will take into account any physical, mental, educational, or linguistic limitations . . . you may have which may have caused your failure to cooperate.

Id. (emphasis in original).

The ALJ in D.L.'s cessation case dismissed plaintiff's Request for Hearing on account of plaintiff's and D.L.'s failure to appear at the scheduled hearing and for failing to establish good

cause for such failure to appear. (Cess. F. 4.) The dismissal of plaintiff's Request for Hearing was binding, thus terminating plaintiff's appeal of the cessation determination. 20 C.F.R. § 416.1459. Because plaintiff failed to cooperate with the appeal by failing to appear at a scheduled hearing without good cause, it can be said that plaintiff's appeal of the cessation decision was not taken in good faith thereby removing from consideration plaintiff's request for waiver of overpayment of continued benefits. 20 C.F.R. § 416.996(g)(2).[4] The ALJ in the instant waiver case, however, *did* consider plaintiff's request for waiver and determined plaintiff to be at fault in causing the overpayment and thus not eligible to obtain a waiver thereof. For the following reasons, the ALJ did not err in this determination.

> Under 20 C.F.R. § 416.550,
>
> Waiver of adjustment or recovery of an overpayment of SSI benefits may be granted when . . .
>
> (a) The overpaid individual was without fault in connection with an overpayment, and
>
> (b) Adjustment or recovery of such over-payment would either:
>
> (1) Defeat the purpose of title XVI, or

---

[4]Indeed, on initial consideration of plaintiff's request for waiver, the SSA notified plaintiff that the overpayment could not be waived inasmuch as the failure to appear at the scheduled hearing constituted a failure to pursue the cessation appeal in good faith. (Tr. 52-53.) On reconsideration, however, the SSA did not address its previous finding that the appeal was not taken in good faith, but rather determined that plaintiff and D.L. were at fault in causing the overpayment. (Tr. 46-48.)

>   (2) Be against equity and good conscience, or
>
>   (3) Impede efficient or effective administration of title XVI due to the small amount involved.

A claimant seeking waiver of overpayment adjustment or recovery bears the burden of demonstrating that she is without fault in connection with the overpayment. See Coulston v. Apfel, 224 F.3d 897, 900 (8th Cir. 2000) (citing Banuelos v. Apfel, 165 F.3d 1166, 1170 (7th Cir. 1999) (subsequent history omitted)).

In determining whether a claimant is "without fault," the Commissioner is required to review "all the pertinent circumstances surrounding the overpayment in the particular case," and to specifically consider

>   the individual's understanding of the reporting requirements, the agreement to report events affecting payments, knowledge of the occurrence of events that should have been reported, efforts to comply with the reporting requirements, opportunities to comply with the reporting requirements, understanding of the obligation to return checks which were not due, and ability to comply with the reporting requirements (e.g., age, comprehension, memory, physical and mental condition).

20 C.F.R. § 416.552.

The Commissioner is also to take into account the claimant's physical, mental, educational, or linguistic limitations, if any. Id. The Commissioner's determination of fault or no fault is a finding of fact. See Chapman, 810 F.2d at 152 (citing 42 U.S.C. §

405(g); Howard v. Secretary of Health & Human Servs., 741 F.2d 4, 8 (2d Cir. 1984)).

In this cause, the ALJ cited the two-pronged waiver test as set out in § 416.550[5] and found plaintiff and/or the claimant, D.L., to have failed to meet the first prong with regard to fault:

> The claimant's mother clearly knew at the time that she elected to have the claimant's benefits continue pending decision at the hearing level, that if the cessation decision was ultimately upheld, the claimant would have been overpaid benefits. By failing to appear for the scheduled hearing, the ultimate result was a dismissal of the request for hearing and then the initial cessation determination became the final disability decision. As was stated in the dismissal order, the claimant's alleged "transportation problems" as the reason for failing to appear at the hearing is not sufficient good cause for the failure to attend the hearing. At the time the claimant was living at the same address that she lives at now. At the hearing on the overpayment, her mother testified that it took them thirty-five minutes to drive to the hearing, but they got lost and it should only have taken twenty minutes. The undersigned takes administrative

---

[5]The ALJ cited to 20 C.F.R. § 404.506(a) in his recitation of the two-pronged test. (Tr. 10.) Section 404.506 governs waivers of overpayment of Disability Insurance Benefits (DIB) rather than SSI benefits. However, inasmuch as the factors to be considered in DIB and SSI waiver cases are identical, compare 20 C.F.R. § 404.506(a) with 20 C.F.R. § 416.550, the ALJ's citation to § 404.506(a) when setting out these factors was harmless. See 28 U.S.C. § 2111 (harmless error); see Sahara Coal Co. v. Office of Workers Comp. Programs, United States Dep't of Labor, 946 F.2d 554, 558 (7th Cir. 1991) (harmless error analysis appropriate in judicial review of administrative adjudication); e.g., Brueggemann v. Barnhart, 348 F.3d 689, 695-96 (8th Cir. 2003) (harmless error analysis in judicial review of decision of the Social Security Administration); Reeder v. Apfel, 214 F.3d 984, 987-88 (8th Cir. 2000) (same); Greene v. Sullivan, 923 F.3d 99, 101 (8th Cir. 1991) (same).

>     notice that the distance from her home to the
>     hearing office is approximately eight miles.
>     Thus, the claimant was [at] fault for the
>     overpayment. If she had appeared at the
>     hearing and the administrative law judge had
>     found the claimant's disability not to have
>     ceased, the claimant would not have been
>     overpaid.

(Tr. 10.)

A review of the ALJ's decision shows that in making this determination, the ALJ reviewed all the pertinent circumstances surrounding the overpayment in the case, as required under § 416.552, and specifically considered plaintiff's understanding as to the conditions of receiving the continued benefits – including her understanding that an adverse decision on her cessation appeal would result in a request that the continued benefits be repaid, that failure to appear at a scheduled hearing would result in the dismissal of the Request for Hearing, and that a dismissal of the Request for Hearing would result in the cessation decision becoming final. Substantial evidence on the record as a whole supports these findings.

  Plaintiff argues, however, that § 416.552 also sets out specific conditions of fault and that the ALJ's reason supporting his adverse finding, specifically, plaintiff's failure to attend a hearing, does not constitute "fault" under any of these specific conditions. Section 416.552 sets out the factors an ALJ must consider in determining whether a claimant was at fault in connection with an overpayment. See discussion supra at pp. 8-9.

Section 416.552 further provides that:

> [a]lthough the finding depends on all of the circumstances in the particular case, an individual will be found to have been at fault in connection with an overpayment when an incorrect payment resulted from one of the following:
>
> (a) Failure to furnish information which the individual knew or should have known was material;
>
> (b) An incorrect statement made by the individual which he knew or should have known was incorrect . . . , or
>
> (c) The individual did not return a payment which he knew or could have been expected to know was incorrect.

Id.

Plaintiff contends that subsections (a), (b) and (c) constitute the specific conditions – and only conditions – under which a claimant can be found at fault in connection with an overpayment. Plaintiff argues that her conduct in failing to attend a scheduled hearing does not meet any of these conditions and that, therefore, the ALJ erred in finding her not to be without fault in causing the overpayment.

In his written decision, the ALJ specifically stated that "[i]f [claimant] had appeared at the hearing and the administrative law judge had found the claimant's disability not to have ceased, the claimant would not have been overpaid." (Tr. 10.) Assuming without deciding that a claimant must meet a specific condition under § 416.552(a), (b) or (c) in addition to the Commissioner's

consideration of all the pertinent circumstances surrounding the overpayment in order to be found not without fault, it appears that the ALJ here indeed determined that the administrative hearing was material to the Commissioner's decision as to whether D.L.'s disability ceased and thus that plaintiff's and/or D.L.'s failure to appear at such proceeding constituted a failure to furnish information material to the decision, thereby bringing such conduct within the parameters of § 416.552(a).

As found by the ALJ, a review of the record on a whole shows plaintiff to have understood and agreed that if the decision as to D.L.'s cessation of benefits were to be upheld, the benefits which she elected to continue receiving would be considered overpaid. (Tr. 10; Cess. F. 16-17.) Plaintiff was given sufficient notice that failure to appear at a scheduled administrative hearing on the cessation of benefits could result in a dismissal of the Request for Hearing and in a determination upholding the previous adverse decision. (Cess. F. 5, 9, 10.) In addition, the ALJ noted that plaintiff lived within eight miles of the hearing location, and did not inform the SSA of any problems traveling to the hearing location until after the scheduled hearing date. (Tr. 10.) Significantly, plaintiff had previously requested and was granted a continuance of a prior scheduled hearing, demonstrating plaintiff's knowledge and ability to contact the SSA. (See Tr. 86.) Nothing in the record shows plaintiff to have been prevented from contacting the SSA prior to the second scheduled

hearing date or even on the date of the hearing. Finally, the ALJ noted that had plaintiff appeared at the hearing, an administrative finding could have been made that D.L.'s disability continued and did not cease, which would have resulted in the continued benefits not to be considered an overpayment. (Tr. 10.) Because the ALJ engaged in the analysis required by §§ 416.550 and 416.552 and his findings are supported by substantial evidence on the record as a whole, the Court defers to the ALJ's factual finding that plaintiff was not without fault in causing the overpayment. See Chapman, 810 F.2d at 152.

In light of the ALJ's thorough recitation of all the pertinent circumstances surrounding the overpayment in this case, including a finding which brings plaintiff's conduct within § 416.552(a), the administrative finding that plaintiff was not without fault in the circumstances of this case is not required to be set aside merely because the ALJ failed to delineate which specific subsection of § 416.552 was met by plaintiff's conduct. See Strongson v. Barnhart, 361 F.3d 1066, 1072 (8th Cir. 2004) (administrative finding not required to be set aside when arguable deficiency in opinion-writing technique has no bearing on outcome); Robinson v. Sullivan, 956 F.2d 836, 841 (8th Cir. 1992) (same); Benskin v. Bowen, 830 F.2d 878, 883 (8th Cir. 1987) (same). Accordingly, because plaintiff was not without fault in connection with the overpayment of SSI benefits in this cause, the Commissioner did not err in denying plaintiff's request for waiver

of the overpayment of such benefits.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that Michael J. Astrue, Commissioner of Social Security, be substituted for former Commissioner Jo Anne B. Barnhart as proper party defendant in this cause.

**IT IS FURTHER RECOMMENDED** that the decision of the Commissioner be affirmed and that plaintiff's Complaint be dismissed with prejudice.

The parties are advised that any written objections to this Report and Recommendation shall be filed not later than **June 18, 2007.** Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

*Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this _6th_ day of June, 2007.