```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

**D.L., a minor, by and through** )
**her mother, ALISA GERRAN,** )
                                           )
                **Plaintiff,** )
                                           )
        **vs.** )                 No. 4:06CV1279-DJS
                                           )
**MICHAEL J. ASTRUE, Commissioner** )
**of Social Security,** )
                                           )
                **Defendant.** )

<u>**ORDER**</u>

       This matter is before the Court on the report and recommendation ("R&R") of the United States Magistrate Judge and the parties' responses thereto. Pursuant to 28 U.S.C. §636(b), this Court gives *de novo* consideration to those matters to which objections are made.

       At issue is the Commissioner of Social Security's denial of plaintiff's request for waiver of an overpayment of Supplemental Security Income ("SSI"). The factual and procedural background of the matter before the Social Security Administration is set forth in detail in the R&R, without objection by either party as to its accuracy, and is not here repeated except as necessary to the Court's discussion.

The overpayment of benefits resulted from plaintiff's request that benefits continue during her appeal of a cessation of benefits determination, in which appeal plaintiff was unsuccessful.[1] "Waiver of recovery of an overpayment resulting from continued benefits...may be considered as long as the cessation determination was appealed in good faith." 20 C.F.R. §416.996(g)(2). Failure to "cooperate in connection with the appeal" can support a determination that the appeal was not in good faith. Id. Pursuant to another applicable regulation, waiver of recovery of an overpayment of SSI benefits requires that "[t]he overpaid individual [be] without fault in connection with an overpayment." 20 C.F.R. §416.550(a). The burden rests with the claimant seeking overpayment to demonstrate that she is without fault. Coulston v. Apfel, 224 F.3d 897, 900 (8th Cir. 2000). The Commissioner's determination as to fault is a finding of fact. Chapman, 810 F.2d 151, 152 (8th Cir. 1986) (per curiam).

The decision of the Administrative Law Judge ("ALJ") here appealed from finds that plaintiff was at fault in causing the overpayment and that overpayment therefore cannot be waived. Transcript [Doc. #9], p.10. The ALJ explains that plaintiff's failure to appear for the May 12, 2004 rescheduled hearing in the cessation of benefits appeal, without good cause, resulted in the

---

[1] Benefits have subsequently been resumed after a new determination of disability, but the Social Security Administration continues to seek repayment of a period of overpayment.

2

dismissal of the appeal and in the overpayment of the benefits which continued pending appeal. Id. The transportation difficulties asserted for missing the hearing were found to be an inadequate excuse for failure to appear at a distance of only some eight miles from plaintiff's residence. Id.

In her objections to the R&R, plaintiff cites 20 C.F.R. §416.552, which provides in pertinent part:

> Whether an individual is without fault depends on all the pertinent circumstances surrounding the overpayment in the particular case....Although the finding depends on all of the circumstances in the particular case, an individual will be found to have been at fault in connection with an overpayment when an incorrect payment resulted from one of the following:
>
> (a) Failure to furnish information which the individual knew or should have known was material;
>
> (b) An incorrect statement made by the individual which he knew or should have known was incorrect (this includes the individual's furnishing his opinion or conclusion when he was asked for facts), or
>
> (c) The individual did not return a payment which he knew or could have been expected to know was incorrect.

Plaintiff argues, in essence, that the administrative record does not support a determination that, by failing to appear at the appeal hearing, claimant failed to furnish material information within the meaning of §416.552(a). In the Court's view, such a conclusion is entirely reasonable (and perhaps even self-evident) and requires no supplemental explication to support it. In any event, this Court is not so willing as the magistrate judge

3

generously was[2] to assume without deciding that a factor identified in §416.552(a), (b) or (c) is *required* for a finding of fault in connection with an overpayment. The language of the regulation does not support such an interpretation.

Plaintiff's objections contain argument concerning an ALJ's duty to develop the record independent of the claimant's burden in matters before the Social Security Administration. These contentions are directed to the ALJ who dismissed the cessation appeal after plaintiff's failure to attend the May 12, 2004 hearing, rather than to the ALJ whose adverse decision concerning waiver of overpayment is now before this Court. In plaintiff's objections, these arguments culminate in the contention that "this case should at least be remanded for the ALJ to develop a proper record *to uphold the cessation determination*." Pltf. Obj. [Doc. #21], p.4 (emphasis added). As the magistrate judge noted, the cessation determination itself is not now before this Court and is not here addressed. R&R [Doc. #19], p.5, n.3.

Finally, plaintiff's objections might be construed to question whether fault can be attributed where transportation problems are invoked as the basis for failure to appear. On the record presented here, such a determination of fault is supported by substantial evidence. Plaintiff was aware of the hearing in sufficient time to make necessary arrangements to meet the

---

[2] R&R [Doc. #19], p.11.

responsibility of appearing for the hearing, which hearing was held at her request, had previously been rescheduled at her request, and took place less than ten miles from her residence. The record contains no evidence of an effort by plaintiff prior to the hearing to seek another continuance in light of transportation issues in order to permit her attendance. On these facts the determination of fault is adequately supported.

Giving the matter *de novo* review, the Court is unpersuaded that the Commissioner's determination should be reversed. Plaintiff fails to demonstrate that the Commissioner's decision denying her waiver of overpayment is not supported by substantial evidence on the record as a whole. 42 U.S.C. §405(g), Chapman, 810 F.2d at 152. The administrative record supports the determination that plaintiff was at fault in causing the overpayment at issue, because she elected to continue to receive benefits pending an appeal which was dismissed for her failure to appear at a hearing she requested.

Accordingly, upon careful consideration,

**IT IS HEREBY ORDERED** that plaintiff's objections to the magistrate judge's report and recommendation [Doc. #21 & #23] are overruled.

**IT IS FURTHER ORDERED** that the report and recommendation [Doc. #19] is accepted and adopted.

5

**IT IS FURTHER ORDERED** that Michael J. Astrue, Commissioner of Social Security, be substituted for the former Commissioner Jo Anne B. Barnhart as proper party defendant pursuant to Fed.R.Civ.P. 25(d)(1).

Dated this ___25th___ day of September, 2007.

                                            /s/Donald J. Stohr
                                            UNITED STATES DISTRICT JUDGE